Next case is People of the State of Illinois v. Hill Mr. O'Neill and Ms. Shanahan Mr. O'Neill, when you're ready, would you proceed with your argument? May it please the Court, Counselor. My name is Lawrence O'Neill and I represent Ross Adam Hill and his cause. In this appeal Mr. Hill challenges the constitutionality of the aggravated DUI statute and the trial court's abuse of discretion in sentencing him to a four-year prison sentence. In September of 2008, the 22-year-old Mr. Hill pled guilty to aggravated DUI in that he drove a motor vehicle under the influence of alcohol which caused the death of his friend Justin Dodd. There was no agreement as to the sentence. Mr. Hill was sentenced to four years in prison in January 2008 filed a motion to reconsider which was denied and this appeal followed. I do not intend to spend much time on this part of my argument, but Mr. Hill first off argues that a section of the aggravated DUI statute is unconstitutionally vague. The statute was amended in 2006 to include language that persons convicted of DUI resulting in the death of another person serve a term of imprisonment between three and fourteen years unless the court determines that extraordinary circumstances exist and require probation. The statute is unconstitutional because the phrase extraordinary circumstances is vague and the statute fails to define the term and sets no standards to prevent arbitrary and discriminatory application. The statute risks arbitrary application because trial judges operating under a variety of interpretations of the term will be applying different standards to determine whether extraordinary circumstances exist. There is no objective criteria to determine whether extraordinary circumstances have been shown by the defendant. Further, the statute places the burden of proof on the defendant to establish that extraordinary circumstances exist and provides no guidance as to what the defendant must establish to meet that burden. Thus, the defendant must make his case for probation not knowing the standard he is required to meet. Further, because there are no definitions or standards, a trial judge cannot objectively determine whether the defendant has met his burden. Moreover, because the statute provides no specific definitions or guidelines, there is no standards for courts of review to evaluate in determining whether the trial court abuses discretion in ruling on the question as to whether extraordinary circumstances exist. Mr. Hill asks Your Honors to find this portion of the aggravated DUI statute unconstitutional and vacate his sentence and remand the clause for sentencing under the former version of the statute that allows for consideration of probation in all circumstances. If Your Honors find that the statute is not unconstitutionally vague, then the trial court abused its discretion in applying it in this case because there are extraordinary circumstances present here that require a sentence of probation. In fact, if ever there was a case of extraordinary circumstances that required probation, this case is it. Perhaps most significantly is the mitigating factor that Mr. Hill's conduct was induced or facilitated by someone other than Mr. Hill. In sentencing, two friends of Mr. Hill, Brody Harding and Greg Wyatt, testified that they were with Mr. Hill on the night of the accident at Mr. Wyatt's house. Mr. Dodd came over to the house at 11 p.m. and suggested that they buy some beer and drive around and blow off some steam. Since none of the others had money for beer or gas, Mr. Dodd paid for both. Thus, the record indicates that Mr. Hill would not have been driving around that night had Mr. Dodd not suggested the idea and paid for the beer and gas. This is an extraordinary circumstance that crime was induced and facilitated by another. The trial court found no merit to this argument and found that it was not an extraordinary circumstance. The trial court's finding here was an abuse of discretion. There are other statutory factors and amounts of extraordinary circumstances present here as well. The trial court found these factors of mitigation were present. Mr. Hill had no criminal record other than minor traffic offenses.  In addition, there were other non-statutory factors mitigating in favor of a minimum sentence. Mr. Hill was only 22 years old at the time the accident occurred. He received a GED and was employed full-time since 2005, did good jobs at Marion Installers and NAPAW Auto Parts. Also, at the time of his arrest, he had been working at Crown Light Boats as a mechanic. Mr. Hill's home was in West Frankfurt, where he worked until his incarceration. Further, Mr. Hill expressed extreme remorse at the sentencing hearing, and by pleading guilty, he accepted responsibility for his conduct. All these factors amount to extraordinary circumstances justifying a sentence of probation or a minimum three-year prison term. Thus, considering all these factors of mitigation as compared to the only factor of aggravation found by the court, which was deterrence, the trial court abused its discretion by not finding that extraordinary circumstances existed, and by sentencing Mr. Hill to a four-year term of imprisonment rather than a minimum three-year prison term. This is the case of a young man who lived a law-abiding, productive life. His circumstances merit a sentence of probation for a minimum three-year prison sentence. Mr. Hill asked Your Honors to reverse the sentencing order and remand the case for a new sentencing hearing for the consideration of probation for a minimum three-year prison sentence. Thank you. Are there any questions, Your Honors? No. Thank you. Ms. Shanahan. May I please the court? Counsel. My name is Sharon Shanahan, and I represent the people of the state of Illinois. Defendant first raises a challenge to the constitutionality of this statute, which provides that probation is not available unless the defendant meets the standard of establishing extraordinary circumstances. I would note that, well known to all of us, that the statute is presumed constitutional. That is the defendant's claim to establish that it is not constitutional, and it is the opinion of the state that he has sorely failed in this, in his efforts to do so. We heard a lot in counsel's argument about standards. Standards and guidelines. And the replibrary's specific conditions. Again, in the replibrary's clearly delineated conditions. What we're getting down to is that defense counsel is saying that a trial court in sentencing someone on this case doesn't know what extraordinary circumstances mean. That it could mean all sorts of things with all sorts of judges. I cited to this court what I considered a rather glaring omission in the opening brief to the defendant, which is the case of Peep v. Winningham, which deals with this precise issue of vagueness challenged to the constitutionality of this statute. Winningham said the statute was not vague, that it was not unconstitutional. And I think when I picked up this brief, when I first looked at this question, the same thing came into my mind that came into the Winningham court's mind, which is that trial courts apply terms like this all the time in exercising their judicial discretion. The Winningham court noticed that other statutes which have survived challenges based on vagueness had terms like, for any other reason. They had terms like, one we're well acquainted with, cold, calculated, and premeditated. And the one that came into my mind when I first thought about this, brutal and heinous. Do we have to give trial courts a list of things that are brutal and heinous in order to make that statute not vague? No, we don't. And that statute has survived challenges on vagueness and the term brutal and heinous is not vague. Similarly, the term extraordinary circumstances is not vague. It is, as noted in my brief, used all the time in all sorts of circumstances. The United States Supreme Court has said that when an arrested individual does not receive a probable cause determination within 48 hours, the burden of proof shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance. Termination of parole rights. Lengthy continuances should be granted in parole termination cases only under extraordinary circumstances. This is a commonly understood phrase. It's used a lot in the law. It is no different than concepts such as cold, calculated and premeditated, brutal and heinous. If the phrase any other reason has withstood vagueness challenges, then certainly extraordinary circumstances should withstand any challenge to vagueness. The Winningham Court, as I said, has addressed this precise issue, considered all of these concepts, and is well decided it should be followed by this Court. And if there are no other questions, I'll move on to the sentencing. As I was preparing for this oral argument, you know, we don't have very long here. Sometimes there's something we want to say and we think I might not get a chance to say it. So I have on the last page of my notes here, if you say nothing else about the sentence, say this. Justin's action, Justin was the young man that was killed. Justin's actions in buying beer for himself and his friends is not an extraordinary circumstance. Indeed, it is an extremely ordinary circumstance found in a myriad of DUI cases to find that buying beer is an extraordinary circumstance would vitiate the sentencing statute and violate the entire legislative intent of the amendment of this statute. It simply can't be accepted. So I've said my thing that I have to say. I'll go back to a few more specific things. But the statute is well within the statutory limits. I would note that the discretion to impose probation is exercised primarily for the benefit of society and only incidentally for the benefit of the defendant. And the statute specifically says that he shall be sentenced to imprisonment unless he establishes extraordinary circumstances. His sentence is only one year past the minimum that he could have obtained. Another thing that caught my mind or caught my attention in reviewing for this case is in the defendant's reply brief on page 6 where he said that it is highly questionable that imprisonment has a deterrent effect. Cites People v. Coulter. Coulter does say that, sort of. But deterrent effect is listed in our statutes as something, an aggravation that a trial court can consider. In fact it alone is frequently held. If a judge says that this will have a deterrent effect, that's a good enough reason to say that it cannot have a deterrent effect in this particular case. To say that a trial court can say I want people to know that if they drink, if they drive, if they go kill someone, that they're going to go to prison. That's a pretty good deterrent effect. If people know that there will be fewer people getting behind the wheel of vehicles when they are incapacitated by alcohol. For all of these reasons, the sentence is reasonable. The defendant has fallen so far short of extraordinary circumstances. The victim was at work all day while the defendant and his buddies are home drinking. The defendant had had by my count six beers at least in the short period of time before Justin got home. So they've been sitting around drinking. Justin comes in and says let's go out for a while. They say we don't have any money. Justin does, he has a job. So Justin offered to pay for gasoline and beer. He did not force the defendant to drink any more beer. He did not force the defendant to drive. The defendant had the choice of saying, sounds like a plan to me but you know what, I've been drinking so somebody else needs to drive. That's all it took. That's all it took. He didn't do that. To say that Justin's actions in putting some gas in the car and buying some beer is an extraordinary circumstance that says that the defendant should not go to prison for causing Justin's death just to me defies logic. I cannot find, defense counsel says if ever there was a case that was extraordinary circumstances it's this one, I say to you, if ever there was a case where there were no extraordinary circumstances, this is it. Any rebuttal? No. It's true that courts may consider deterrence but the point is that there were several statutory and non-statutory factors of mitigation of sentence that are present here too. So in balance against the deterrence the long factor found in aggravation of sentence, the mitigating factors outweigh that one aggravating factor of deterrence. Also, I disagree with the record. The counsel's claim that Mr. Hill drank six beers before Mr. Dodd arrived at Wyatt's house. At the sentencing hearing I believe that one of the other friends, Brody Harding testified that Mr. Hill had drank four beers before Mr. Dodd arrived. But the point is, and again counsel talks about the fact that all Mr. Dodd did was buy beer and gas, well that's true, he did buy beer and gas but the record is also clear from the testimony of Harding and Wyatt at the sentencing hearing that it was Dodd's idea to go out driving around drinking and it had not, I think it implied within that, certainly I'm arguing, submitting to the court, that had not Mr. Dodd made that suggestion that Mr. Hill would not have been driving around drinking alcohol that night. Regarding the counsel's claim that it's a common understanding of the term that it does not need any more specified definition or guidelines or anything. In my brief I refer to the dictionary definitions of the term's extraordinary circumstances just to give the court an idea that there are various definitions, various interpretations that could result in different trial courts operating under a different standard when determining whether extraordinary circumstances exist. For example, some of the definitions are beyond the usual or not customary, but maybe perhaps a higher standard is another definition of it's strikingly impressive or rarely acquired. So those different definitions are creating ambiguity about the actual meaning of the term that risks arbitrary application by the trial courts. Counsel also mentions People v. Winningham, which is a 4th District Court case and it is directly on point in this matter and is against us against my argument. The court found that this phrase was not unconstitutionally vague. I submit to your honors that Winningham is poorly considered and wrongly decided and ask your honors to not follow it. The Winningham court did not sufficiently consider or analyze the specific issue regarding the vagueness of the specific term extraordinary circumstances. Rather, Winningham focused on the legislative purpose of the statute, namely that because there are rare instances in which a sentence of probation may be appropriate, the trial judges were given limited discretion to sentence an offender to probation. I agree with that, that this legislature was in its right to either eliminate probation totally in these kind of cases or to limit it to certain instances. That's not the problem with the statute. The problem with the statute is that it does not provide sufficient guidelines and standards for the non-empowered jury interpretation and application of the statute and the Winningham court does not squarely address this matter. Further, the Winningham court doesn't analyze the phrase extraordinary circumstances or consider its different definitions as I have submitted in my brief and the court does not really analyze the problem with the statute providing trial courts discretion to determine extraordinary circumstances without guidelines or definitions. The court merely referred to, as counsel said, other statutes that were challenged as unconstitutionally vague but were affirmed by the Supreme Court. The court essentially found that because these phrases were not unconstitutional, extraordinary circumstances is not unconstitutionally vague as well. Well, I submit to the court that that's an inadequate analysis regarding the specific issue that's presented here regarding the ambiguous term extraordinary circumstances. Again, I ask your honors to find the statute unconstitutional, remand the cause for resentencing with probation as a possible consideration and for consideration of a minimum three-year prison term. Thank you, your honors. Okay, thank you for your arguments and briefs. We'll take the matter under advice.